## Greenough *against* Patton.

A judgment against the estate of a decedent obtained after his death, will lose its lien by lapse of time, and a want of due diligence in its prosecution.

ERROR to the common pleas of *Northumberland* county.

Ebenezer Greenough against John M. Patton and Thomas Allen. Ejectment for sixty acres of land.

The original title was in Daniel Smith, under whom both parties claimed.

Daniel Smith died in 1810 leaving issue one child named Grace, who was married to Daniel Scudder who died, and his widow was afterwards married to John M. Patton one of the defendants. She has since died, leaving issue three children, one by her first husband and two by the present defendant. The defendants claim possession under this title.

The plaintiff gave in evidence a suit of John Hauser against Enoch Smith executor of Daniel Smith, to January term 1812, in Northumberland county, upon which a judgment was obtained in 1816 for 173 dollars 53 cents; *fieri facias* to November term 1816, returned "*nulla bona;*" *testatum fieri facias* to Lycoming county, to January term 1818, returned "lands levied and condemned;" *venditioni exponas* to April term 1818, returned "lands sold to Ebenezer Greenough for 20 dollars;" *fieri facias* to January term 1828, returned "land levied and condemned" (this was the land in dispute); *venditioni exponas* to August term 1833; *venditioni exponas,* returned "land sold to Ebenezer Greenough for 80 dollars;" 7th August 1833, deed, sheriff Lazarus to Ebenezer Greenough, for the land in dispute.

The court below (Lewis, President) instructed the jury, that the judgment upon which the land was sold was not a lien upon it at the time the execution issued, and therefore the plaintiff derived no title from his purchase. Verdict for defendant.

*Greenough,* for plaintiff in error, cited, *Purd. Dig.* 393, 394; 2 *Penns. Rep.* 95; 2 *Watts* 53; 4 *Watts* 424; 1 *Watts* 9.

*Donnel,* for defendant in error, cited, 6 *Watts* 24; 4 *Watts* 15; 4 *Watts* 424.

The opinion of the Court was delivered by

ROGERS, J.—This case cannot be distinguished from Penn *v.* Hamilton; the principle of which was settled after great deliberation,

[Greenough v. Patton.]

and has been since recognized in Fetterman *v.* Murphy, 4 *Watts* 424. The distinction between devisees, and purchasers from devisees, which was for the first time taken in Brush *v.* Larty, 2 *Rawle* 293, was repudiated in Kerper *v.* Hock, 1 *Watts* 9. In Penn *v.* Hamilton, the same doctrine was applied to a judgment obtained against the personal representatives of a decedent, and the principle must now be considered as settled. Apparent cases of hardship may doubtless arise, but such has been the multiplication of liens created by repeated acts of assembly, that their indefinite duration would be productive of the most intolerable mischief. For this reason, the legislature and the courts have favoured their limitation by restraining the lien of judgments and other incumbrances.

Judgment affirmed.