## Seitzinger *against* Fisher.

The debts of a decedent cease to be a lien after the lapse of seven years from his death, after which the lands of which he died seised cannot be made liable for their payment.

It is not a good cause to set aside an execution because it was levied upon lands for which the defendant had no title; or because the lien of the judgment had been lost from lapse of time.

ERROR to the Common Pleas of *Berks* county.

Jacob W. Seitzinger against Michael Fisher and Sarah, his wife, late Sarah Gerber, Susan Deem, Elizabeth Sharman, and Leah Strohecker. Feigned issue, directed by the Court of Common Pleas of Berks county, to ascertain whether a certain judgment, execution and levy thereon, at the suit of David Gerber, to

I. — z *

the use of Jacob W. Seitzinger *v.* John Gerber's administrators, are a lien on the lands of the said John Gerber, deceased, in Northumberland county, now in the possession of his heirs, or not.

The plaintiff's counsel resisted the granting of this issue, but it was directed by the court.

The plaintiff gave in evidence a judgment obtained in the court below in his favour, against the administrator of John Gerber, deceased. The suit was brought to January term 1828, and an award of arbitrators was made in favour of the plaintiff for $897.88, on the 29th of July 1829.

A *scire facias* was issued on this judgment, against the administrator only, to April term 1835, and on the 8th of November 1835, judgment was obtained. A *testatum* execution was issued on this judgment, to Northumberland county, and lands which had belonged to the decedent in his lifetime were levied on.

On the part of the defendants, it was shown that John Gerber died on the 14th of March 1819; that John and David Gerber were his administrators, he having died intestate; that they were dismissed, and on the 11th of July 1822 filed their account, which showed a balance against them of $10,110.06. Their dismission took place on the 14th of April 1824. Drenkle was then appointed administrator: he died without having settled his account. Esterly was his administrator, and filed an account of his administration on the estate of Gerber on the 20th of April 1831. This account was confirmed on the 11th of August 1832. The balance in favour of the estate was $1518.56.

The defendants were admitted to be heirs of John Gerber, deceased, and as such to have had possession of the lands levied on after the time of his death.

At the instance of the defendants, the proceedings to make sale of the lands were suspended, and issue directed to determine whether the judgment was a lien on the lands levied on, or not.

BANKS, President.—This issue was directed to prevent litigation, and to secure whatever right the heirs might have to the lands, although, after sale, they might have been permitted on ejectment to make their defence if an opportunity to do so now had been denied them, I deemed it best for all concerned to have it done now. In this I do not think we transcended our power. Was, and is the judgment a lien on the land? Gerber died in 1819. The plaintiff's suit was brought in 1828. By law the lien of the debts of a decedent is limited, under certain restrictions, to seven years. The action was the first step that was taken to recover this claim. The seven years have gone by. The lien was then gone. The judgment was not a lien upon it. The *testatum* was issued about twenty years after the death of Gerber. This suit could not attach as a lien, then, for the first time on the lands of the deceased debtor, in the possession of the heirs. That the judgment and execution process was not a lien upon the land,

I consider to be well settled by the cases cited. 1 *Watts* 9; 2 *Watts* 60; 4 *Watts* 429; and 7 *Watts* 334. The law entitles the defendants to a verdict.

To this charge the plaintiff's counsel excepted.

Errors assigned:

1. The court erred in suspending the plaintiff's execution, and the proceedings thereon, and in directing and trying the issue in this case.

2. The court erred in deciding in this collateral proceeding that the plaintiff had no lien on the lands levied upon by his execution.

*Deckert,* for plaintiff in error, cited 1 *Serg. & Rawle* 538; 2 *Binn.* 221; 1 *Watts* 491; 2 *Rawle* 265; 5 *Watts* 535; 7 *Watts* 25.

*Greenough* and *Hoffman,* for defendants in error, relied upon the case in 7 *Watts* 336.

The opinion of the Court was delivered by

KENNEDY, J.—This was a feigned issue, directed by the court below, in order to determine whether a debt, for which David Gerber had obtained a judgment, for the use of Jacob W. Seitzinger, the plaintiff in error, against the administrators of John Gerber, deceased, was and still continued to be a lien upon certain lands, situate in Northumberland county, which belonged to the said John Gerber at the time of his death, and descended to the defendants in this case as his heirs. It was shown by the evidence that John Gerber, the deceased, died intestate on the 14th of March 1819, seised in fee of the lands in the possession of and claimed by the defendants as his heirs. The debt also, for which the judgment was obtained, appeared to be owing by him at the time of his decease; consequently, it became a lien immediately on his death, on all his lands lying within the state; and they are liable for the period of seven years to the payment of it; but no longer, unless a suit were commenced within that time for the recovery of it. This is clearly the law by the Act of the 4th of April 1797, and was so ruled by this court in *Kerper* v. *Hoch,* (1 *Watts* 9;) and has been acted upon and recognized as such in other cases since that. But the debt in this case was not sued for until the beginning of 1828, nearly nine years after the death of the debtor, by reason of which delay it ceased to be a lien upon the lands whereof the debtor died seised. Thus the lands belonging to the debtor at the time of his death, whether in the possession of his heirs or in the possession of *bona fide* purchasers from them, ceased to be liable for the payment of the debt. The very question raised here, in this respect, was decided in *Greenough* v. *Patton,* (7 *Watts* 336). There the land belonging to the debtor at the time of his death, was taken in execution, and sold for a debt which he owed, but not sued for until more than seven years had

[Seitzinger v. Fisher.]

elapsed after his decease. And it was held by this court, that the land was discharged from being liable to the payment of the debt, because it was not sued for within the seven years; and that the purchaser of the land, at the sale made thereof by the sheriff, took nothing by his purchase. But it is said, that the court below erred in staying the proceeding upon the judgment, after the land was taken in execution under it, so as to prevent the plaintiff from having the land sold by the sheriff. Where it is clear that the judgment still remains unsatisfied, it is certainly not usual for the court, in ordinary cases, to interfere, so as to prevent a sale of land taken in execution, whether the defendant may have an interest in it or not. The court cannot, upon an application for that purpose, inquire into the title to the land, and decide upon it before a sale thereof shall be made. But no question is made here as to the title of the land taken in execution; the objection is that no land whatever can be taken in execution upon such a judgment as exists in this case. This is a question which we think the court may settle, where the application is made upon that ground to set aside a seizure of land taken in execution. It may also be expedient and proper to do so, in order that the owners of lands may not be vexed and put to trouble and expense by reason of groundless claims. It does not appear, however, in this case, from all that has been laid before us, in what form the application was made, which occasioned the order of the court for the trial of a feigned issue. Whether it was an application to set the *fieri facias* and the seizure of the land under it aside, we cannot tell. If such, however, was the application, it would not be right to set aside any thing more than the seizure of the land, because no valid objection has been shown against issuing the *fieri facias*; and if personal estate of the intestate could have been found by the sheriff within his bailiwick, to whom it was directed, he might and indeed ought to have taken it in execution under the *fieri facias*, or if the application was to stay all further proceedings upon the judgment, and the court have done so, it is wrong; for the plaintiff is entitled, for aught that appears, to have his judgment satisfied out of the personal assets of the deceased debtor, if they can be found. The most that the court should do, in such case, would be to set the seizure of the land aside, and let the plaintiff proceed by execution, to obtain satisfaction of his judgment, out of the personal assets of the estate, if they are to be had. The decision of the court upon the feigned issue, as to the question whether the land taken in execution was liable to the payment of the debt for which it was taken, is affirmed; and the record is remitted to the court below, that they may make the proper order, for proceeding by execution on the judgment, according to the direction given above, if not already done.

Judgment affirmed.