## Shenck's Administration Account.

An executor will not be permitted to settle an account in the orphans' court for the mere purpose of charging the estate with a debt due to himself by the testator in his lifetime.

In pursuance of the act of 14th May 1835, the supreme court may refer an administration account to auditors, upon exceptions not made in the court below.

APPEAL and *certiorari* to the orphans' court of *Lancaster* county.

John Shenck, one of the executors of Abraham Herr, presented an account to the orphans' court, in which he charged himself with the amount of the inventory of the estate, 52,557 dollars, and prayed a credit for it, as having gone into the hands of his co-executors; also with some items of mistake in the inventory, and then asked a credit for upwards of 2000 dollars, a debt due to himself. The account was passed by the orphans' court without exception. The heirs appealed, and in this court filed these exceptions :

1. The court erred in permitting John Shenck, one of the executors of Abraham Herr deceased, to exhibit any administration account on said estate, as his co-executor, with his full knowledge and consent, had previously settled the estate fully, and no assets, as appears from his account, had ever come to his hands.

2. The court erred in allowing any credit for the 45,283 dollars 84 cents, and for 2198 dollars 89 cents, and for 375 dollars, and for 331 dollars 25 cents, and for 336 dollars; for 1375 dollars, for 829 dollars 80 cents, and for 200 dollars, for his time, trouble and expenses, as the accountant lost no time, had no trouble, and was put to no expense whatever; they also erred in allowing any part of the credits in said account, as the accountant took no part whatever in the administration of the estate of said Abraham Herr deceased.

The court referred the account and exceptions to J. K. Findlay, I. Carpenter and John Mathiot, Esqrs., who made the following report:

That they met at the house of William Cooper, in the city of Lancaster, on Friday, the 19th day of June 1835, in the presence of the accountant and Benjamin Herr, one of his executors, and their respective counsel.

Whereupon, the counsel for the accountant, objected to the auditors taking cognizance of the matters, which, on their application had been referred to them; contending that, as the account had been confirmed by the court below, without any exceptions being taken to it, and the supreme court had decided that they would not notice any exceptions which were not made in the orphans' court, we were bound by the decision, and could not listen to the exceptions which

had been referred to us.   Whatever may be the decisions of your honours, it is sufficient for the auditors that you have taken cognizance of the exceptions in this case, by referring them to us.

The counsel for the accountant then offered John Shenck, the accountant, as a witness, to prove thus: " Fifty shares of stock in the Lancaster bank, were sold by him to his father-in-law, the testator, September 23d, 1823, and never paid for, in support of the items of credit 1375 dollars and 829 dollars 80 cents.

To which the counsel for the exceptant objected, and the objection was sustained by the auditors.

First exception.   The auditors cannot deny the right which John Shenck's office of executor gave him to settle an account, nor can they see how the orphans' court could prevent him from exhibiting his account in the register's office, nor why the same court should refuse to pass and confirm an account, to which no exceptions were taken.

Second exception.   The auditors are of opinion, that the account was settled for the sole purpose of including in it the items of 1375 dollars and 829 dollars 80 cents, a claim which the accountant had against the estate, and which was contested.   Indeed, it was so stated by his counsel.   No evidence having been given to the auditors in support of the said items, they are disallowed, as well as the other items mentioned in the second exception, and the exception is sustained.

All which is respectfully submitted.

Exceptions to the report of auditors.

First.   The auditors erred in taking cognizance of the matters contained in the exceptions filed by the counsel of the appellant in the supreme court, because the administration account of John Shenck, was exhibited to and confirmed by the orphans' court of Lancaster county, without any exceptions being filed thereto.

Second.   The auditors erred in refusing to hear John Shenck, with regard to his account, and they also erred in sustaining the second exception filed in the supreme court, to the account of John Shenck.

Third.   The court had no jurisdiction in referring the said account to auditors.

*Long* and *Reigart*, for accountant.
*Frazier*, for appellees.

The opinion of the Court was delivered by

Gibson, C. J.—The appellee would have been entitled to exhibit an account, had he been in possession of assets not already accounted for, or had he been out of pocket for disbursements in his office; but not to give him a remedy for a debt due him by the testator in his lifetime.   On the face of the account, nothing appears to charge him but the assets comprised in the inventory, which, confessedly, never came to his hands, having been accounted for by the other executor.

[Shenck's Administration Account.]

He could not, therefore, raise an account merely to let in his claim
in the character of an ordinary creditor, by charging himself with
the inventory, on the one hand, and taking credit for it on the other.
But as he could not sue himself, it is asked, how else could he avail
himself of his right to retain, or enforce his demand by any means
whatever? Even the allowance of an account would not enable
him to retain out of what was never in his hands. He might have
renounced and sued his fellow, or procured him to exhibit his debt
as retained to his use at the settlement of the preceding account, and
if there had been a doubt of its solidity, it would have been put in
a train to be resolved by a jury; but through whatever medium ex-
hibited, the claim could certainly not be sustained by his own testi-
mony. Demands not exceeding 40 shillings may be so sustained,
but all beyond must be established in the ordinary way, and an
executor proceeding in the character of a creditor, has, in this re-
spect, no peculiar privilege. The auditors, were, therefore, plainly
right on the merits, but had they authority to unravel the decree?
They undoubtedly had it so far as the power of this court could
confer it by a reference of the exceptions taken here. These were
permitted to be filed before we had settled the practice, under the
act of 1832, relative to orphans' courts, which we have since con-
strued to preclude exceptions that were not taken in the orphans'
court. But whatever were our powers of reference when the ex-
ceptions were taken, it is certain we had competent power by the
supplement of the 14th of May 1835, before the auditors acted on
them. We might then have referred the entire subject to the same
auditors, but to have vacated the former order, to make way for a
new one on the same terms, would have been nugatory. Suffering
the original to stand, was equivalent to the production of a new one,
and, on the principle of *ratihabitio*, gave the auditors exactly the
same power. They had consequently competent authority to act
on the exceptions.

Report confirmed.