# Carpenter's Appeal.

1. A trustee of an estate, who advances his own money to pay the debts against the estate, is entitled only to simple interest on the money so advanced.

2. A trustee, to whom the trust estate is indebted, for money advanced by him, will not be allowed to settle an account once in three years, for the mere purpose of charging the trust estate with compound interest in his favor.

3. A trustee who wrongfully settles an account, for the mere purpose of compounding interest on a debt, in his favor, against the trust estate, will be compelled to pay the expenses thus incurred, as well as the expenses of an audit upon it.

APPEAL by William Carpenter, executor, &c., of Israel Carpenter, deceased, from the decree of the Court of Common Pleas ·of *Lancaster county*, confirming the report of the auditor, appointed to report upon the exceptions filed to the account of Israel Carpenter, Trustee of Henry Rogers, and Sarah B. Rogers his wife, exhibited by William Carpenter, executor of said Israel Carpenter, deceased.

On the 30th of October, A. D. 1840, Henry Rogers, and Sarah B. Rogers his wife, assigned to Israel Carpenter, as trustee, the share of the said Sarah B. Rogers, in a certain fund, charged upon certain real estate in Lancaster county. The share of the said Sarah, in the said fund, amounts to ten thousand dollars, payable at the death of her mother, Dorothy Brien, who is still living. The object of the trust, was to secure the payment to certain creditors of the said Henry Rogers, of the several amounts of their debts, which were divided into two classes; those of the first class, were directed to be first paid in full, and the balance to be appropriated to the payment of those of the second class. The assignment provided, that the trustee should collect, receive, and release for the assigned fund, forthwith after the death of the said Dorothy Brien, or sell and dispose of, and assign the same, as soon as conveniently and advantageously could be done *in the meantime*. It contained

also, this further provision and trust: "that the said trustee shall have full power and authority, to borrow and raise at any time or times, such sum or sums of money, as shall be necessary for the payment of the first class of debts aforesaid, upon the hereby assigned estate, right, and interest, and upon the credit thereof, by assigning or transferring the same, or such part thereof, as shall be requisite in security for such loan or loans, until the hereby assigned estate shall become available as aforesaid."

Israel Carpenter, the trustee, paid off, out of his own estate, the whole of the debts of the first class. This he did, as appellant contends, in accordance with the provisions of the deed, advancing the money himself, instead of borrowing from others; and in pursuance of an arrangement, as is alleged, by which he was to become entitled to compound the interest, at the end of every three years, as long as Mrs. Brien lived. The trustee made several attempts to raise money on the trust fund, but was unsuccessful.

On the 9th of February, 1846, he exhibited his account of these advances, in the Court of Common Pleas of Lancaster county, resulting in a balance in his favor of $2096.57; which account was duly confirmed by the said court, on the 19th day of March, 1846.

Israel Carpenter, Esq., the trustee, having died in June, 1851, and no trustee having been appointed in his place, William Carpenter, his executor, on the 27th of January, 1857, exhibited the account of the said trust, claiming credit for the balance of $2096.57, due his testator on the former account, and also interest on said balance from March 16th, 1846, compounding the said interest at rests of every three years, showing a balance due the estate of said trustee, out of the assigned fund, of $3879.09.

Upon exceptions filed to this account, by E. C. Reigart, who claims as assignee and representative of creditors of the second class, the auditor appointed by the court, decided that Israel Carpenter's estate, was entitled only to simple interest on the amounts advanced by him, and that there was no occasion for filing any account. He, therefore, dismissed the account, and directed the accountant to pay all the expenses incurred in the exhibition of the account, as well as the expenses of the audit. His report having been excepted to, was on the 12th day of January, 1858, confirmed by the court, from which decree of confirmation this appeal is taken.

*Franklin*, for appellant.

*Champneys*, for appellee, cited Act of 14th June, 1836, Purd.

[Carpenter's Appeal.]

Dig. 8th ed. 804; *Carlisle's Appeal*, 9 Watts, 332; *Hamaker's Estate*, 5 Id. 204; *Barclay* v. *Anderson*, 16 S. & R. 130; *Schenck's Adm'rs Acct.*, 5 W. 86; *Roberts' Appeal*, Bright. R. 479; 2 Pars. 200; 6 Watts, 236; *Deitrick* v. *Heft*, 5 Barr, 87; *Fox* v. *Wilcocks*, 1 Binn. 194; *Merrick's Estate*, 1 Ash. 305; *M'Call's case*, Ib. 357; *English* v. *Harvey*, 2 Rawle, 305; *Findlay* v. *Smith*, 7 S. & R. 264; *Harland's Accts.*, 5 Rawle, 323; *Lukens' Appeal*, 7 W. & S. 46; *Light's Appeal*, 12 Harris, 180; *Say's Ex'rs* v. *Barnes*, 4 S. & R. 113; *Dilworth* v. *Sinderling*, 1 Bin. 490.

The opinion of the court was delivered July 15, 1858, by

THOMPSON, J.—We entirely assent to the decision of the auditor on the points before him, arising out of the account in this case, and the decree of the court affirming it.

In *Deitrick* v. *Heft*, 5 Barr, 87, Mr. Justice ROGERS, in speaking of compounding interest, after a review of all the authorities on the subject, says: "but in all the cases actually adjudicated in this court on the subject, the doctrine of *rests*, or compound interest, has been repudiated and disallowed." This remark is fully sustained by prior, as well as subsequent decisions. The application of the rule had been attempted only in cases of trustees neglecting or omitting to put assets, under their control, out to interest, and in cases of delay in accounting; but in no case has it as yet been adopted. In England, it has been applied to cases of malfeasance of trustees, but I discover no case of the kind in Pennsylvania. The 18th section of the Act of 29th March, 1832, fixes the rate of interest chargeable to executors, administrators and guardians, at six per cent. The judicial and legislative sentiment with us, is averse to the allowance of compound interest. But the allowance was claimed here by the representative of the trustee or assignee. There was no obligation on the assignee to advance his money for the benefit of the creditors of the estate, or for any party. It was his own voluntary act, and had no merit in it beyond what would be fully compensated by six per cent. interest. Nor did he, in his life-time claim it, for he settled his account in 1846, in which, only simple interest is charged, although the money was advanced not later than 1841.

There was not the slightest necessity for the exhibition and settlement of the second account. Assets unaccounted for by the original trustee had not come into the accountant's hands, nor was he or the trustee out of pocket for anything done since the last settlement, so that the settlement of the second account could have been for no other purpose than to charge the assignee's estate with compound interest. We adopt the rule applicable to trusts in the Orphans' Court, and say as we decided

in *Schenck's Administrator's Account*, 5 Watts, 84; and in *Clauser's Estate*, 1 W. & S. 208, that the accountant will not be permitted to settle an account for the mere purpose of charging the estate of the assignor, or rather the second-class creditors of the estate, with compound interest in favor of an estate of which he is an heir, if not the sole heir. It was right to charge the accountant with the costs of the second account.

The decree is affirmed at the costs of the appellant.