## Provins v. Provins et al.

Before Carr, P. J., Morrow and Cottom, JJ.
*Wade K. Newell,* for plaintiff.

*Edward D. Brown* and *Jacob E. Horewitz,* for defendants.

CARR, P. J., April 9, 1947.—Plaintiff, Marie R. Provins, who is one of two executors of the will of James A. Provins, deceased, has brought an action of assumpsit against her coexecutor and herself in their representative capacity, to recover a personal claim for services rendered by her to decedent during his last illness. A statutory demurrer filed by her coexecutor questions her right to maintain the action in the dual capacity of plaintiff and defendant.

It seems clear that if plaintiff wishes to prosecute an action at law in the court of common pleas on a claim of her own against the estate of her decedent she must resign her office. She cannot litigate with herself, and without adversaries a common-law court cannot have jurisdiction to render judgment. Her mere naming of herself in different capacities on the one side and on the other cannot disguise the fact that she is in both the same natural person with but a single will. Even though she is not the sole representative, she is still a necessary joint party-defendant in any action against the estate, and shares the common obligation to act in the interest of the estate exclusively: Shenck's Administration Account, 5 Watts 84; Harris' Estate, 19 Phila. 322; Perkins v. *Se Ipsam,* 11 R. I. 270; Snyder v. Snyder et al., 96 N. Y. 88; Pearson v. Nesbit, 12 N. C. 315, 17 Am. Dec. 569.

Plaintiff in her present position is not, however, without a remedy. The concurrent jurisdiction of the orphans' court in all such cases affords her an adequate opportunity to have the merits of her claim adjudicated in that court, where the proceeding will not be against herself, but against other creditors, heirs, and legatees, and hence will satisfy to the fullest extent the

juridical requirement of adverse parties so obviously lacking in an action of assumpsit in the common pleas.

It is true that in order to continue the lien of an unsecured debt against the real estate of a decedent every creditor, including one who is a personal representative of decedent, must, under the terms of section 15 of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended by the Act of May 2, 1919, P. L. 104, 20 PS §552, file a statement of his claim in the office of the prothonotary of the county where the real estate to be charged is situated, and have it indexed against decedent and his personal representatives in the judgment index in that county and also in the county in which the representatives reside; but since the orphans' court has concurrent jurisdiction to adjudicate claims of the character here pleaded, any further proceeding in the common pleas is optional with plaintiff. If she wishes to press her claim to trial by jury, she must relinquish the authority her position gives her to interfere in the conduct of the defense; she cannot continue to occupy a position incompatible with the exercise of the right of trial by jury: Ransom v. Geer, 30 N. J. Eq. 249.

Accordingly, though we recognize the statutory right of plaintiff to file and index the statement of her claim in this court for the purpose of continuing its lien against the real estate of decedent, we think it proper and necessary to stay all proceedings so long as the record remains unamended.

## Order

And now, April 9, 1947, upon consideration of the foregoing case, the questions of law raised in the affidavit of defense are decided in favor of defendants, and it is ordered that all proceedings be stayed until further order of court.