# Clement *versus* Reppard.

15     111
23 SC   531

The consideration of a promissory note not under seal, given for a balance on work done, may be inquired into in a suit between the original parties, even though the maker, at the time it was given, expressed himself satisfied with it, there being no evidence that, at the time of the settlement or giving of the note, any new consideration passed from the payee to the maker.

ERROR to the Common Pleas of *Northumberland county.*

This was a suit by Reppard *vs.* Clement, on a note not under seal, dated 19th February, 1848, for $72, payable to Aaron Reppard, four months after date, for balance of work at sawmill. It was an appeal from the judgment of a justice of the peace. The pleas were *non assumpsit*, payment, and payment with leave, &c.

Clement employed Reppard to superintend the building of a steam sawmill, in Sunbury. He was the foreman, was to superintend the work and employ the hands, and to receive $1 per day

[Clement *v.* Reppard.]

for his services. When Reppard was absent, one of the hands, named Wayne, was selected by Reppard to superintend the work.

Before the note was given, one of the witnesses testified that Clement complained to Reppard about the gearing of the mill and one of the shafts, and that the calculations were wrong. Reppard agreed then, if the shaft broke, it would be at his (Reppard's) expense. One other witness stated that, at the time the note was given, Reppard said, "I am satisfied—are you, Clement?" to which Clement replied "Yes." The defence set up on trial was, that the work was badly done—that the gearing of the mill was wrong— the shaft was too small, and broke—and that upon trying the mill, it would not work even tolerably well : that Clement was compelled to employ another millwright to alter the gearing, make a new shaft, and other alterations, amounting to upwards of $300, including the loss of materials.

The court told the jury, among other things, "that if, at the time this settlement was made, and the note given, (it being after the work was done, and after Clement knew that the mill would not saw oak-logs, &c.,) Clement expressed himself satisfied with the work of Reppard, then he cannot set up a defence to the note, as it is stated to be for the balance on the sawmill, and the plaintiff would be entitled to recover." But if Clement was not satisfied with the work, but found fault with it, then upon its being made satisfactorily to appear to the jury that the work done by Reppard was insufficient and would not answer the purpose, but was not done in a workmanlike manner, (Reppard being the superintendent and conductor of the work,) then the consideration of the note has failed, and the plaintiff would not be entitled to recover, if the damages sustained by the defendant amounted to the sum for which the note was given. With regard to the broken shaft, the jury will also take it into consideration and decide whether any thing should be allowed the defendant for the new one, in case the plaintiff can recover at all on the note.

Verdict was rendered for plaintiff.

It was assigned for error, that the court erred in instructing the jury that if Clement, at the time the note was given, expressed himself satisfied with the work of Reppard, he could not set up a defence to the note.

*Jordan*, for plaintiff in error, contended that the consideration of the note was inquirable into, notwithstanding the expression of satisfaction as to the work : 7 *East* 409 ; 3 *W. & Ser.* 472 ; *id.* 266, Geiger *v.* Cook.

*Miller*, for defendant.

July 29th, 1850.—PER CURIAM.—Every person who gives a bond

[Clement *v.* Reppard.]

or a note without duress, is satisfied with it at the time.  That he is so must be inferred from the very nature of the act; and an express declaration of satisfaction can have no greater weight.  Were the law otherwise, every promissory note would be conclusive evidence of a debt.  But it is indisputable that a voluntary note cannot be recovered; while a voluntary bond, because it has a seal, which stands for a consideration, is a gift of the money.  It may be safely said that the consideration of every promissory note is open to inquiry between the original parties to it; and to this a note for a sum resulting from a compromise is not an exception, for the mutual giving up of something for the sake of peace is itself a consideration for an agreement that each party shall be satisfied with the event, however it may turn out.  But there was no evidence that Reppard had given up any thing.  He persuaded Clement that there was no room for objection to the work; and on that footing the business was arranged.  It was open, therefore, to Clement to object when called on for payment; and the jury should have been instructed to allow for bad workmanship, if there was satisfactory evidence of it.

Judgment reversed, and *venire de novo* awarded.