# Newell Booth Company *v.* Sheldrake, Appellant.

*Practice, C. P.—Affidavit of defense—Promissory notes—Payment.*

In an action on promissory notes an affidavit of defense is sufficient which avers that defendant had made various payments to plaintiff before the giving of the notes, and the defendant had not credited plaintiff in the running account for such payments, and that plaintiff had also charged defendant with various items of discount on former notes, which notes had not been discounted, and that the aggregate of such payments and charges exceeded the amount of the notes in suit.   In such a case it is not necessary for the affidavit to aver in express terms, fraud, accident or mistake.

Argued Oct. 7, 1903.   Appeal, No. 3, Oct. T., 1903, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1902, No. 1, making absolute rule for judgment for want of a sufficient affidavit of defense is case of Newell-Booth Company, Limited, v. Charles M. Sheldrake.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*De Forest Ballou,* for appellant, cited: Hoffner v. Logan Square Building and Loan Association, 4 Penny. 363; Hubbard v. French, 1 Pa. Superior Ct. 218; Teller v. Sommer, 132 Pa. 33; Grandschamps v. Morris, 12 Phila. 319; Good v. Good, 3 W. & S. 472; Hildeburn v. Curran, 65 Pa. 59; Clement v. Reppard, 15 Pa. 111; Spangler v. Springer, 22 Pa. 454; Hunter v. Reilly, 36 Pa. 509.

*Harry E. Kohn,* for appellee, cited: Markley v. Stevens, 89 Pa. 279; Comly v. Simpson, 6 Pa. Superior Ct. 12.

OPINION BY MORRISON, J., October 30, 1903:

Plaintiff sued in assumpsit to recover the amount of three certain promissory notes made and delivered by the defendant to the plaintiff. The plaintiff filed a declaration and so complied with the law and rules of court that the defendant was required to file an affidavit of defense, which he did. On motion of plaintiff the court adjudged the affidavit of defense insufficient, and on December 29, 1902, granted judgment against the defendant, which was liquidated and entered for the sum of $142.82. The defendant then took an appeal to this court and assigned for error: "The learned court below erred in entering judgment against the defendant for want of a sufficient affidavit of defense."

Thus our single question is this: Was the affidavit of defense sufficient to prevent judgment and carry the case to a jury?

The notes were dated respectively February 26 and March 29, 1902, and the balance claimed thereon was $137.95. The defendant avers in the affidavit of defense that for several years prior to giving the notes he had bought goods from plaintiff on account for which he gave notes and paid cash at various times, and that the notes in suit were given for a balance which plaintiff then claimed to be due on the account against

defendant. That on going over the statements and accounts of the plaintiff he finds that they did not give him credit for all the money he had paid on account thereof ; that on February 28, 1899, defendant paid to plaintiff on account of said dealing $75.00, for which plaintiff gave him a receipt, but failed to give him credit therefor.

That on August 4, 1900, defendant paid plaintiff the sum of $25.00, for which plaintiff gave him a receipt, but failed to credit the same on account of said dealings as they should have done. That in addition to this plaintiffs have charged defendant for a large number of items for discounts upon his notes, claiming to have had same discounted in bank and to have paid said several amounts as discounts. Then follows in the affidavit an itemized statement of the amounts of the discounts so charged, and they amount in the aggregate to the sum of $62.78. It is then averred that said notes were not discounted, and that said sum of $62.78 was not paid by the plaintiff for defendant's account, and that said amounts should not have been charged to his account. That had plaintiff given defendant credit for said sums, which they failed to do, and had not charged said several sums of discounts, which they should not have done, the amounts represented by the notes sued upon would not have been due by defendant to plaintiff. That defendant is not indebted to plaintiff upon said notes or any other account, but that plaintiffs are indebted to him in the sum of $24.83, for which he will ask at the hands of a jury a certificate in his favor.

It is urged that the affidavit, of which the above is the substance, is bad for the reason that it does not aver fraud, accident or mistake, as to the items which the defendant swears were not credited to him, and the items of discount charged to him. It is also urged that defendant should have averred that he did not know of these errors till after the giving of the notes.

In our opinion assuming the affidavit to be true, as we must for present purposes, it does in substance aver accident, fraud or mistake. If defendant paid plaintiff $100 in money to apply on the account for which the notes were given in settlement, and this sum was not credited, and the notes were made for $100 too much, it does not require much discussion or cita-

tion of authorities to demonstrate that the notes were without consideration as to that amount caused by accident, fraud or mistake. And it is equally plain as to the discounts alleged to have been improperly charged to defendant. Why are not the notes without consideration as to the amount of these discounts, if the affidavit is true? And is this not the result of accident, fraud or mistake?

We think this case was for a jury. It is within the rule of Hubbard & Co. v. French, 1 Pa. Superior Ct. 218, and of Teller, Exr., v. Sommer, 132 Pa. 33. In the latter case the suit was upon an account stated, signed by the defendant, and the affidavit of defense does not materially differ from the one under consideration, and the Supreme Court held it sufficient to carry the case to a jury. See also Clement v. Reppard, 15 Pa. 111.

It is urged that the giving of the notes in the case in hand is governed by the rule when money is paid with a full knowledge of the facts. But we think that rule has no application here. It is not and cannot be pretended that the defendant intended to make plaintiff a present of the sum of $162.78. And the inference is irresistible from the averments in the affidavit of defense that the defendant gave the notes in suit on the theory that he owed the plaintiff the amount thereof after deducting all payments and correcting all errors. But he now swears that he owed nothing at this time and he states why.

The assignment of error is sustained and the judgment reversed at the cost of the appellee, and a procedendo awarded.