## Dolan's Estate.

*Decedents' estates—Lien for debts—Two years limit on real estate—Partition—Conversion.*

1. Where, within two years from the date of the death of a decedent, real estate in which the decedent had an undivided interest is sold under partition proceedings instituted in her lifetime, and the fund arising therefrom is paid to her executrix, a general creditor of the decedent, who has commenced no action for his debt within two years from the death of the decedent, has no lien upon the fund.

2. In such a case the fund is real estate, and the lien is lost by failure to comply with the Act of June 8, 1893, P. L. 392.

Argued Jan. 4. 1910. Appeal, No. 166, Jan. T., 1910, by A. E. Ford, from decree of O. C. Phila. Co., Oct. T.,

1909, No. 144, dismissing exceptions to adjudication in Estate of Clara Dolan, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZIS-KER, JJ. Affirmed.

Exceptions to adjudication.

LAMORELLE, J., the auditing judge, found the facts to be as follows:

The one question to be determined is whether any of the creditors, save and except the undertaker and those whose advances were incident to administration, have any claim whatsoever upon the fund; and, to decide that, we must first ascertain whether it is real estate or per-sonalty that is to be distributed. If it is real estate, then, as none of the creditors have complied with the Act of June 8, 1893, P. L. 392, their so-called lien is gone, and they are not entitled to participate.

And in the first place it will be necessary to trace the origin of the fund.

It appears that Clara A. Dolan, as one of the ten children of Thomas Moore, deceased, was the owner of an undi-vided one-tenth interest in and to certain real estate situate in the county of Philadelphia, and State of Penn-sylvania. On January 2, 1907 (two weeks prior to her decease), she filed a bill in equity in common pleas, No. 2, as of December Term, 1906, No. 2309, for partition. Her death was afterwards suggested of record, and Gertrude S. Lubey, as testamentary guardian of said Clara Adelaide and Edward Rodney Dolan, minors, was substituted of record as plaintiff. Gertrude S. Lubey, as executrix, also appeared as a party respondent. In due course, a master was appointed, who, after having filed his report finding that no partition could be had without prejudice or spoiling the real estate; and that none of the parties were willing to take any of the separate properties at the valuations put upon them, recommended that a sale be ordered. On September 22, 1908, the master was directed to make sale of the various properties, and, by decree of

November 21, 1908, to make "partition and distribution . . . . among the several parties. . . ." All of the properties, except one, were sold by the master within two years from the date of the death of decedent. That one, situate No. 1639 North Broad Street, was sold at private sale by the master, under the authority of Act of May 22, 1895, P. L. 114, on June 11, 1909, and the sale duly confirmed by the court, June 22, 1909.

All moneys, as received, were distributed by the master to the parties entitled thereto, with the exception of the one-tenth now before the auditing judge. One-half of this fund, as appears from his sixth interlocutory report, was claimed by The Commonwealth Title Insurance and Trust Company, guardian of Edward R. Dolan, one of said minor children, after the payment of the debts of Clara A. Dolan. On the other hand, the executrix (ancillary) claimed that the fund should be paid to her in order that the orphans' court, as the proper tribunal, might distribute it, this court being the only one for the ascertainment of a decedent's debts. Upon the authority of Anderson v. Anderson, 183 Pa. 480, the master awarded the fund to the present accountant as executrix ancillary, and his report was confirmed by decree entered April 8, 1909.

The auditing judge overruled the claim of the creditors on the ground that they had lost their lien upon the fund by failing to comply with the provisions of the act of 1893, and awarded the fund to the heirs.

Exceptions to the adjudication were dismissed by the court.

*Errors assigned* were in refusing to allow the claim of the creditor, A. E. Ford, and in awarding the fund to the heirs.

*C. Berkeley Taylor*, with him *Albert S. L. Shields*, for appellant.—It is well settled in Pennsylvania that liens upon an undivided interest in real estate are discharged

by a sale in partition and cast upon the fund. Wright v. Vickers, 81 Pa. 122; Stewart v. Allegheny Nat. Bank, 101 Pa. 342; Reed v. Fidelity Ins. Trust & Safe Dep. Co., 113 Pa. 574; Eckels v. Stuart, 212 Pa. 161.

This same conclusion was reached in another line of cases that holds that in a sale in partition conversion takes place when the deed is delivered and the money paid: Biggert's Est., 20 Pa. 17; Demmy's App., 43 Pa. 155; Brennan's Est., 220 Pa. 232; Arndt's App., 117 Pa. 120.

The fiction which still treats the fund for distribution in partition as real estate was intended to enable the court to determine who was to take among the heirs in distribution and was never intended to deprive creditors of payment: Yerkes v. Yerkes, 200 Pa. 419.

*F. Markoe Rivinus*, with him *H. Gordon McCouch*, for appellee, cited: Com. v. Pool, 6 Watts, 32; Stoner's Est., 8 York Leg. Rec. 27.

OPINION BY MR. JUSTICE MOSCHZISKER, April 10, 1911:

Within two years from the date of the death of Clara A. Dolan, certain real estate in which she had an undivided interest was sold under partition proceedings instituted during her lifetime, and $4,435.75 of the fund arising therefrom was awarded and paid to her executrix. The appellant, a general creditor who failed to reduce his claim to judgment, contends that the lien of the decedent's debts not of record was relegated to and seated upon her share of the proceeds of the real estate, and that the delay in distribution beyond the two year period could not affect his status as a lien creditor or prevent him from receiving payment out of the fund.

The orphans' court held that as the appellant had failed to comply with the act of June 8, 1893, P. L. 392, which provides that, "No debts of a decedent . . . . except they be secured by mortgage or judgment, shall remain a lien upon the real estate of such decedent longer than two

years after the decease of such debtor, unless an action for the recovery thereof be commenced . . . . within the period of two years . . . ." he had lost his lien and was not entitled to be paid out of the fund. In so ruling the learned court below followed the law as laid down by this court as far back as 1837, and not since departed from. In Com. v. Pool, 6 Watts, 32, a decedent's land was sold in an action for partition and the proceeds came into the hands of his personal representative. The action was upon an award to one of the heirs, and the defense was that the fund had been applied to the payment of a debt of the decedent due to one Rupp. The debt in question had been reduced to judgment in an action against the administrator instituted more than seven years after the decedent's death, and the plaintiff claimed that it was barred by the act of 1797 (4 Dallas's Laws of Penna., 155, 157) "in favor of the heirs;" but the court below ruled that the judgment was a lien, and that it had been properly paid out of the fund. In reversing we said, per GIBSON, C. J.: "The only exception sustained or entitled to remark was taken to the charge in relation to the lien of decedent's debt to Rupp. If money, the representative of land converted for partition, follows the nature of its principal, the lien is confessedly gone; and it is decisive that the conversion was for distribution among heirs and not creditors. The executor or administrator, having the money in hand, may undoubtedly apply it, in the event of deficiency of personal assets to debts not barred by time; but only because another order to sell would be nugatory; and thus his indirect power over the fund, like the conversion of it, is the creature of necessity. The power is collateral to the purpose, which is not to pay, but distribute; and that there is a conversion at all, is a defect that is endured because it cannot be avoided, but it is tolerated no further than is necessary to accomplish the end it was intended to serve, the money being land for everything else. Equitable conversion is dependent on the particular object to be attained by it, insomuch that

if the property be more than sufficient for it, the surplus passes, at the next transmission, as if it had not been converted at all: Leigh and Dalzell on Conversion, 2. A sale for partition, therefore, works a conversion of the form without a transmutation of the essence; and this distinguishes it from a sale for payment of debts, of which transmutation is the primary and entire intent. . . . In every judicial sale for the payment of debts, however, the money raised for the object is in a course of administration, and no process lies against it to enforce or continue a lien on it; but money raised incidentally by process of partition, is land in another form, and attended with inheritable qualities. . . . Being land, then, for purposes of descent, why is not the money land for purposes of lien? If the limitation annexed to the lien by the act of 1797, were exclusively for the security of purchasers, there would be sufficient reason to hold the debts to be an indefinite charge; but as the heirs are equally objects of protection, there is no more reason to dispense with the injunctions of the statute, where the form of the property has been changed, in respect to the one than there is in respect to the others; in both cases the mischief to be remedied by it is the same. And no injustice is done by this to the creditor, who may secure his debt by simply bringing and prosecuting an action, or filing a statement of his demand within the seven years; in neither case an onerous precaution. The point is entirely within the principle of Kerper v. Hoch, 1 Watts, 9; and the debt ought not to have been allowed as a charge on the fund in the hands of the administrators."

The act of 1797 referred to in the case just cited is practically identical in language with the act of 1893, supra, except that the period in the former was seven years and in the latter it is two years. The appellant does not attempt to distinguish that case from the present one, and, indeed, on principle it would be impossible to do so. In the case under review the fund was paid to the executor, but, although changed in form, in the eyes of the law,

it remained real estate, distributable as such, and within the purview of the act of 1893 to the same extent as the fund in the other case was within the act of 1797. To quote from the opinion of Judge LAMORELLE in the court below: "If in the partition proceeding there had been no sales, but instead a division in kind, it cannot be doubted that the holdings of the estate of Clara A. Dolan would be in fact real estate; why, therefore, should a sale create anything more than a change in form, though not in substance? Consider the purpose of such a proceeding: it is simply to give one his share in severalty, which, prior to that, he held in common; in no sense is it for the purpose of creating a fund for the payment of debts."

The appellant lost his lien by failing to commence an action for the recovery of his debt within the period required by the act, and no error was committed in awarding the fund to the heirs.

The decree of the court below is affirmed, the appellant to pay the costs.