# Commonwealth to use, Appellant, *v.* Beachly et al.

*Decedents' estates — Liens for debts — Continuance of liens— Lunacy—Acts of April 4, 1797, P. L. 296; February 24, 1834, P. L. 77; June 8, 1893, P. L. 392, and June 14, 1901, P. L. 562—Statutes —Repeal.*

1. The Acts of February 24, 1834, P. L. 77; June 8, 1893, P. L. 392, and June 14, 1901, P. L. 562, relating to the continuing of liens against the real estate of a decedent, repeal the proviso in the fourth section of the Act of April 4, 1797, P. L. 296, affecting persons non compos mentis.

2. When the surety of a committee of a lunatic dies, and thereafter the committee absconds with the money of the lunatic, the real estate of the deceased surety is discharged from the lien of the indebtedness of the committee, if a statement is not filed in the office of the prothonotary within two years after the death of the surety.

Argued Oct. 3, 1918.   Appeal, No. 23, Oct. T., 1918, by plaintiff, from judgment of C. P. Somerset Co., Sept. T., 1916, No. 339, for defendants on case stated in case of Commonwealth to use of Somerset Trust Company, Committee of Madison U. Walker, a lunatic, v. E. M. Beachly, Administrator d. b. n. c. t. a. of Urias M. Beachly, deceased, and E. M. Beachly, Eliza Masters, M. Emma Berkley, Grace Craft, Anna Walker and Lydia Rauch,

heirs and legal representatives of Urias M. Beachly, deceased.   Before BROWN, C. J., STEWART, WALLING, SIMPSON and FOX, JJ.   Affirmed.

Proceedings to charge a judgment secured against the administrator of a decedent on the real estate of such deceased by scire facias to all the heirs of the decedent.

The parties agreed upon a case stated.

The court in an opinion by RUPPEL, P. J., entered judgment for defendants on the case stated.   Plaintiff appealed.

*Error assigned* was the order of the court.

*C. W. Walker* and *F. J. Kooser,* for appellant.—All limitations are statutory, and it is incumbent upon the appellees to show by some statute that this right of lien is abolished: Keil v. Wolf, 7 Pa. 424; Hope v. Marshall, 96 Pa. 395; Philips v. Allegheny Val. R. R. Co., 107 Pa. 472; Rodebaugh v. Philadelphia Traction Co., 190 Pa. 358; Sifred v. Com., 104 Pa. 179.

A general statute without negative words will not repeal a previous statute which is particular, though the provisions of the two be different.   To like effect are the following cases: York Gazette Co. v. York County, 25 Pa. Superior Ct. 517; Philadelphia v. Miller, 42 Pa. Superior Ct. 471; Com. v. Philadelphia & Erie R. R., 164 Pa. 252; Safe Deposit & Trust Co. v. Fricke, 152 Pa. 231; Sifred v. Com., 104 Pa. 179; Brown v. County Commissioners, 21 Pa. 37.

The rulings in sister states sustain our position: Little v. Downing, 37 N. H. 355; Lackey v. Lackey, 47 Ky. 107; Bourne v. Hall, 10 R. I. 139; Moore v. City of Waco, 20 S. W. 161; DeArnaud v. U. S., 151 U. S. 483.

*John E. Evans,* with him *C. W. Truxall* and *Charles S. Evans,* for appellees, cited: Oliver's App., 101 Pa. 299.

OPINION BY MR. CHIEF JUSTICE BROWN, January 4, 1919:

Judgment in this case was entered in the court below on a case stated.   On February 22, 1897, Harvey M. Berkley was appointed committee of Madison U. Walker, an adjudged lunatic, and on his bond, approved by the court, in the sum of $11,000, U. M. Beachly was a surety. He died April 26, 1899, and by his will his wife became his sole legatee and devisee.   She died April 23, 1906, intestate, without having taken any steps to settle his estate.   On September 27, 1915, letters d. b. n. c. t. a. on her husband's estate were issued to E. M. Beachly.   Harvey M. Berkley, Walker's committee, absconded as an embezzler on or about August 23, 1913, accountable for about $8,500 of his ward's money.   On October 6, 1913, the Somerset Trust Company was appointed committee to succeed him.   In an action brought by it in 1915 against E. M. Beachly, administrator of U. M. Beachly, the deceased surety on Berkley's bond as committee, judgment was entered for the plaintiff for $8,500, with interest from January 1, 1914.   There was no personal estate of the surety out of which the judgment could have been paid, and in 1916 this scire facias was issued against the administrator of U. M. Beachly, deceased, with notice to his heirs, who are also the heirs of his deceased wife, to show cause why the judgment obtained against the said administrator should not be a lien upon the lands of their deceased father.   At the time the sci. fa. was issued Madison U. Walker was still a lunatic, and the contention of the plaintiff was that, under Section 4 of the Act of April 4, 1797, P. L. 296, he was entitled to judgment. That section, with its proviso, is as follows: "Whereas inconveniences may arise from the debts of deceased persons remaining a lien on their lands and tenements an indefinite period of time after their decease, whereby bona fide purchasers may be injured, and titles become insecure; Therefore, be it further enacted by the authority aforesaid, That no such debts, except they be secured by

mortgage, judgment; recognizance, or other record, shall remain a lien on said lands and tenements longer than seven years after the decease of such debtor, unless an action for the recovery thereof be commenced and duly prosecuted against his or her heirs, executors or administrators, within the said period of seven years, or a copy or particular written statement of any bond, covenant, debt, or demand, where the same is not payable within the said period of seven years, shall be filed within the said period in the office of the prothonotary of the county where the lands lie: Provided always, That a debt due and owing to a person, who at the time of the decease of such debtor is a feme covert, in his or her minority, non compos mentis, in prison, or out of the limits of the United States, shall remain a lien on the said lands and tenements (notwithstanding the said term be expired) until four years after discoverture, or such person shall have arrived at the age of twenty-one years, be of sound mind, enlarged out of prison, or return into some one of the United States of America." The learned president judge of the court below, being of opinion that, under our cases, the plaintiff was not entitled to a lien upon the lands of the deceased surety, entered judgment for the defendants, and from it there is this appeal.

If the proviso in the fourth section of the Act of 1797 is still in force, the plaintiff below was entitled to judgment, and the right to it is the question before us. The manifest purpose of that act was to quiet the title of an heir or devisee and his grantee to land acquired by descent or will. By it the unrecorded debt of a decedent ceased to be a lien upon his real estate after the expiration of seven years from his death, unless it was continued in accordance with the provisions of the act. By the Act of 1834—having the same object in view—the period of the duration of the lien of an unrecorded debt of decedent was reduced to five years, and by section 70 of that act all prior acts "altered or supplied" by it were expressly repealed. The Act of 1797 having been "al-

tered" by reducing the limitation of the lien of an unrecorded debt of a decedent to five years, this court, in referring to it two years after the passage of the Act of 1834, said: "The clause in favor of married women, infants, etc., is now repealed": Klinker's App., 1 Wharton 57. In Oliver's App., 101 Pa. 299, the Orphans' Court of Allegheny County was asked,—five years and ten months after the death of a guardian—for an order to sell his real estate for the payment of what was due to two wards, one of whom, at the time of the application for the order of sale, was still a minor and the other in his twenty-second year. The lower court made the order prayed for, and, in reversing, Mr. Chief Justice SHARSWOOD, in commenting upon the Act of 1834, said: "The great object of this act was to quiet the title of heirs and devisees and purchasers from them to the lands derived from decedents. It was only necessary for a purchaser or mortgagee to resort to a single office, the prothonotary of the county, to ascertain whether any action had been brought or copy or statement of any demand filed within the period of five years from the decedent's death. If there was no mortgage or judgment at the time of his death, and the office of the prothonotary was clear of any action or statement of demand, he might rest perfectly secure that his title was unencumbered by any debts or demands against the real estate of the decedent, whatever the nature of the demand might be. It was decided in Kerper v. Hoch, 1 Watts 9, under a similar provision in the Act of 1797, that it applied for the protection not only of bona fide purchasers, but heirs and devisees, and those claiming under them. No distinction is made in the character of the debt or demand. By the death of the guardian the guardianship ended, and the balance in his hands was without any doubt a debt of his estate, which, when ascertained by a decree of the Orphans' Court, could be collected from his real estate by proceedings within five years, and from his personal estate at any period short of that which would raise the presumption

of payment. It was said by this court in Bindley's App., 69 Pa. 299, on the Act of 1834, that no admission, however solemn, will dispense with an action. 'The leaning of this court, through the whole current of the numerous decisions upon this subject, has evidently been to favor the heir and to require of the creditor the vigilant prosecution of his demand in the mode pointed out.' No exception has been recognized to the operation of the Act of 1834 other than those expressly named in it. The exceptions expressed necessarily exclude all others." The only exceptions in the Act of 1834 to the requirement as to what must be done to continue the lien of the unrecorded debts of a decedent were debts "secured by mortgage or judgment," and if the debt of a guardian to his ward, not so secured, did not continue to be a lien beyond five years after the death of the guardian, how could it have continued a lien for that length of time against the real estate of a deceased surety on the guardian's bond? This is substantially the situation here presented, and with the subsequent Acts of June 8, 1893, P. L. 392, and June 14, 1901, P. L. 562, merely substituting the period of two years for that of five, the correct conclusion of the learned court below was that Oliver's Appeal was conclusive of the right of the defendants to judgment. It is, therefore, affirmed.