## Citizens National Bank v. Warrick et al.

*Miller & Schmidt*, for plaintiff.
*John H. Davidson*, for defendant.

PER CURIAM, April 23, 1945.—The Citizens National Bank of Washington caused a summons in assumpsit to be issued against William J. Warrick, Sr., alias W. J. Warrick; William J. Warrick, Jr., and Mildred W. Wayman, and directed that the action be indexed against defendants individually and as executors and trustees and devisees under the will of William J. Warrick, Sr., alias W. J. Warrick, in accordance with the provisions of the Fiduciaries Act of June 7, 1917, P. L. 447, and the Wills Act of June 7, 1917, P. L. 403.

Defendants, William J. Warrick, Jr., and Mildred W. Wayman, have filed an affidavit of defense raising, as a question of law, the right of plaintiff to enter a judgment against them individually, and asking to have their names as individuals stricken from the caption of the case.

From the pleadings, it appears that William J. Warrick, Sr., alias W. J. Warrick, died February 8, 1944, testate; and that in and by his last will and testament, since duly probated, he devised and bequeathed the residue of his estate to William J. Warrick, Jr., and Mildred W. Wayman, in trust; and that in said will he devised and bequeathed to William J. Warrick, Jr., and Mildred W. Wayman the remainder interest in the residue of his estate after the death of his wife, Annie M. Warrick. He appointed William J. Warrick, Jr., and Mildred W. Wayman as his executors and they continue to act in said representative capacity. De-

mand has been made for the payment of the balance upon a note which decedent executed with others to plaintiff.

Query: Are defendants properly joined as individuals or should their names be stricken from the caption?

This action is brought under the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 15($a$), which provides:

"No debts of a decedent, including the cost of settlement of the estate and the funeral expenses of the decedent, except as provided in clauses (b), (g), and (h) hereof, shall remain a lien on the real estate of such decedent longer than one year after the decease of such debtor, unless within said period an action for the recovery thereof be brought against the executor or administrator of such decedent; and such action shall be indexed, within said period, against the decedent and such executor or administrator, in the judgment index in the county in which such action is brought. . . .

"The plaintiff may, at his election, join such surviving spouse and heirs, and the devisee, alienee, or owner of the land, in such original action; in which event such action shall be indexed, as aforesaid, against all defendants so joined."

The statement of claim contains no averments of any liability upon these defendants individually and as trustees under the will of William J. Warrick, Sr. Defendants, in their brief, argue that a judgment cannot be entered against them as trustees named in the will because they have not yet accepted the trust. This latter question is a matter of defense and cannot be disposed of in this preliminary proceeding.

The purpose of the proceeding under the Fiduciaries Act of June 7, 1917, P. L. 447, is to continue a lien upon the real estate of decedent longer than one year after the decease of the debtor. Plaintiff may, at his election, join the surviving spouse and heirs, and the devisees, alienee or owner of the land in the original action, as

plaintiff in this case has done. There is no authority to join defendants "individually", as has been done by plaintiff in the præcipe filed for the summons and in the caption of the statement of claim.

Plaintiff does not aver in the statement of claim any cause of action against defendants individually, and counsel for plaintiff, at the argument, stated that plaintiff did not desire to hold defendants liable personally. Section 15 of the Fiduciaries Act of June 7, 1917, supra, contains no authority to join or to hold defendants liable in their individual capacities. The aforesaid act of assembly authorizes a proceeding in rem, but such proceeding does not create any individual or personal liability upon William J. Warrick, Jr., and Mildred W. Wayman, two of the defendants. Any recovery upon any judgment obtained in this action shall be restricted to recovery from the real and personal estate of decedent: Kirk v. Van Horn et al., 265 Pa. 549, 555; Windber Trust Co. v. Wick, Admx., 118 Pa. Superior Ct. 578; Hutton v. Weaver et al., 55 York 91. The questions of law raised by defendants are, to the extent herein indicated, decided in their favor.

There is a cause of action set forth in plaintiff's statement of claim against William J. Warrick, Jr., and Mildred W. Wayman, as executors and trustees and devisees under the will of William J. Warrick, Sr., alias W. J. Warrick, deceased.

And now, April 23, 1945, the caption of this action is directed to be amended in accordance with this opinion, and thereafter this proceeding shall take its due course. Leave is granted to defendants, William J. Warrick, Jr., and Mildred W. Wayman, as executors and trustees and as devisees under the will of William J. Warrick, Sr., alias W. J. Warrick, deceased, to file an affidavit of defense on the merits within 15 days.