## Soles *versus* Hickman.

Where a devisee of land sells and conveys it, and afterwards, and within five years after the death of the testator, suit is brought for a claim against the estate, against the executor with notice to the devisee, but not to his alienee, though the latter is in possession, and judgment is obtained in the suit and the land sold by the sheriff, after the expiration of the five years, no title passes to the purchaser.

A judgment against the executor with notice to the devisee, without making the alienee of the latter a party, and a sale under such judgment, will not divest the title to the land.

ERROR to the District Court of *Allegheny county*.

This was an action of ejectment by Andrew Soles against John Hickman to recover the possession of lot No. 47 in McKeesport.

The plaintiff gave in evidence the will of Samuel Brown, dated 30th June, 1849, proved 5th July, 1849, by which he devised the lot in dispute to Martha McGonigle, who, on the 7th July, 1849, took out letters of administration with the will annexed. Soles, to 13th January Term, 1854, brought an action on the case against Martha Ann Wilson, late Martha Ann McGonigle, administratrix with the will annexed of Samuel Brown, with notice to her as one of the heirs at law of the decedent, and devisee under his will. The action was commenced on the 29th November, 1853, and on the 9th of July, 1855, judgment was obtained by default for want of a plea. On the 24th November, 1855, the writ of inquiry was returned awarding $627.05 damages, and judgment entered thereon on the 1st December, 1855. A *fi. fa.* was issued, the premises in dispute levied and condemned, and a *vend. exp.* by which the property was sold to the plaintiff, Soles, on the 28th April, 1856, and a deed duly executed and acknowledged to him by the sheriff on the 17th May, 1856.

The defendant, Hickman, showed a deed from Martha Ann McGonigle for the lot in dispute, dated 1st October, 1849, and recorded 4th February, 1850, and proved that he gave notice of his title at the sheriff's sale.

He also showed the record of a recovery of the premises by him in ejectment against the present plaintiff, in which the latter claimed to hold under a parol agreement made with Brown, the testator, in his lifetime, and which verdict and judgment was affirmed in the Supreme Court, and reported in 8 *Harris* 180.

[Soles *v.* Hickman.]

The judgment under which the premises were sold was obtained in an action for the breach of that same contract.

The defendant contended that the land was discharged in his hands from the lien of the debt under which the plaintiff purchased, because he had not been made a party to the proceedings, and therefore the sheriff's sale conveyed no title to the plaintiff.

The court below (HAMPTON, P. J.) instructed the jury *pro forma* to find for the plaintiff, reserving the point.  Upon a subsequent day he (after stating the facts and the positions assumed by the parties) delivered the following opinion:—

"The plaintiff's claim was based entirely on the alleged breach of a parol contract, of which the present defendant, who was a stranger, could have no knowledge whatever; nor is it probable the devisee was in any better position until served with the writ. Under such circumstances, would it be unreasonable to require that if the creditor or claimant intends to charge the lands of the decedent in the hands of a *bona fide* purchaser from the devisee, he should bring him into court by the same process as if he were an heir or devisee?  A contrary course might lead to the grossest frauds and injustice.

"If a notice to the heir or devisee alone be sufficient in any original proceeding like the present against the administratrix, after the heirs have parted with all their interest to strangers, for a fair and full consideration, and the conveyance duly recorded, what is to prevent fraud and collusion between the claimant and the heir, by which claims may be trumped up against the decedent, assented to by the heirs, or judgment by default obtained, as in the present case, for an amount sufficient to exhaust the whole estate, and thus bring ruin and destruction upon innocent purchasers?

"I am well aware that the Act of 1834 makes no express provision for notice to purchasers.  It only provides that the widow, and heirs or devisees, and the guardians of such as are minors, shall be made parties.  But may not this be regarded as a *casus omissus* by the legislature, and does not justice require it to be so regarded?  Can anybody doubt that a *bona fide* purchaser would have been embraced by the act, if such a suggestion had been made, while the bill was on its passage?

"In the ordinary case of a judgment-creditor seeking to revive the lien of his judgment upon land conveyed to a third person, whose deed has been duly recorded, the purchaser's title is not affected by such proceeding, unless notice thereof be served on him, and a day allowed him in court: 1 *Jones* 200, and cases cited.  Why ought not the two cases to stand on the same footing? The principle is equally applicable to both, and I see no reason why the courts may not assimilate the proceedings, and thus maintain the symmetry of the law, while the plainest and simplest

[Soles *v.* Hickman.]

justice is administered to all. This rule can work no hardship in the one case more than the other. When a creditor wishes to charge the land of a decedent with debt, he must find out the names of the heirs at all events, for the purpose of serving notice on them. He can then easily ascertain from the records in the proper office whether any conveyances have been made, and to whom, and add their names.

"This is as easy as to ascertain whether or not a judgment-debtor has conveyed the property bound by the lien; besides, in this case the plaintiff has actual notice of the defendant's title, for the latter had recovered from him in an action of ejectment. And moreover, full time is allowed the creditor of a decedent to make all the necessary inquiries. For if he brings his suit within five years after the death of the decedent, and obtains a judgment, the lien of the debt is continued for ten years from his death, although the heirs be not made parties: Sanders *v.* Wagonseller, 7 *Harris* 248. And it would seem that the plaintiff may still have his *scire facias* against the administrator with notice to the terre-tenant or purchasers, notwithstanding the former proceedings, for the ten years have not yet elapsed: 1 *Jones* 260; 7 *Harris* 248. By adopting the rule before indicated, therefore, no injustice can be done, but much prevented.

"Let judgment be entered for the defendant on the questions reserved, *non obstante veredicto.*"

The plaintiff sued out this writ, and assigned that the court below erred in entering judgment for the defendant *non obstante veredicto.*

*Woods*, for plaintiff in error.—The court has extended the Act of 24th February, 1834. It only requires notice to be given to heirs and devisees, but the court has extended it to their vendees. The Acts of 1834 and 1794 were acts of limitation. Before the Act of 1794, liens of decedents' debts were indefinite: Trevor *v.* Ellenberger, 2 *Pa. R.* 96; Duncan *v.* Clark, 7 *Watts* 217; Swartz's Estate, 2 *Harris* 42; Sanders *v.* Wagonseller, 7 *Id.* 248; Kittera's Estate, 5 *Id.* 424; Murphy's Appeal, 8 *W. & S.* 170; Bredin *v.* Agnew, 8 *Barr* 235; Rolland *v.* Eckert, 11 *Harris* 221.

*Hamilton*, for defendant in error.

The opinion of the court was delivered by

LOWRIE, J.—The learned president of the District Court decided that, where a devisee of land sells and conveys it, and afterwards, and within five years after the testator's death, suit is brought against the executor with notice to the devisee, and not to the alienee, though in actual possession, and judgment is obtained

[Soles *v.* Hickman.]

thereon over six years after the testator's death, and the land sold in the hands of the alienee, no title passes by such proceedings.

It seems to us that this is right.  The proposition, as we have stated it, has, perhaps, some unessential elements in it, and these being left out, it may be stated thus: where, in an action against executors and administrators, it is sought to charge the real estate left by the decedent, his widow and heirs and devisees, and their alienees, owners of the land, must have notice of the proceeding, so that they may respectively become parties thereto.

It is said that this is requiring more than is in terms required by the Act of Assembly relating to executors and administrators, 24th February, 1834, § 34, and so it is; but the decision is not thereby condemned, for there are many rules of law not to be found in Acts of Assembly; and many Acts of Assembly are intended to embrace every essential rule in relation to their subject-matter, and yet come short of it.  This act is plainly defective in requiring notice to heirs *or* devisees; for not seldom there may be both heirs and devisees, and then both ought to have notice. In the decisions it is understood as requiring notice to the owners of the land sought to be charged; and the widows, heirs, and devisees are named only because they arc, in the first instance, the owners of the decedent's lands: 2 *State Rep.* 113; 9 *Id.* 249; 14 *Id.* 45, 124.

Under the English law, land in the hands of the alienees of heirs and devisees was not chargeable even for specialty debts; but if the heirs and devisees sold, they were personally chargeable according to the value: 2 *Saund. by Wms.* 7 e, 8 b.  With them, therefore, the alienees would not be proper parties.  Our law seems to follow the land into the hands of the alienees, and, of course, this would give them a title, on the same principle, to be heard as parties.

Under the English law, administrators and executors, as such, had nothing to do with the real estate; and when that was sought to be reached for debts, it was by a direct action against the heirs and devisees, or by a bill in equity against the executor, with notice to the heirs and devisees, if the will created a trust for debts.  The personalty alone went into administration proper.

With us, however, there is a true transmission of title of land to executors and administrators, so far as the same may be found necessary to pay debts and legacies.  In the Orphans' Court forms, the title is treated as being in the executors and administrators for such purposes; and hence, under the direction of the Orphans' Court, they may sell for such purposes without notice to the heirs and devisees.  On the death, the whole estate passes into the Orphans' Court for administration, and all titles by inheritance and devise are subject thereto.

But the common law remedy, somewhat incongruously, and

[Soles *v.* Hickman.]

with some change of form, still remains. Instead of suing the heirs and devisees, creditors sue the administrators or executors as representatives of the whole estate, with notice to the heirs and devisees, as having special interests therein that are sought to be reached. Under the common law remedy, the title to the land is considered as in the heirs subject to debts, and in the Orphans' Court it is treated as being in the executors and administrators until the debts are paid. Pursuing the common law remedy, the heirs must have notice.

When the statute, 3 W. & M. c. 14, made lands in the hands of devisees chargeable with debts, then they became entitled to notice, as the heirs were before by common law; and if now the liability extends to alienees, they also must have notice. This is merely extending the common law right to notice according as the liability extends; and it shows that the only objection to the law of 1834, § 34, is that, in declaring the common law, it did it incompletely.

The proceeding, so far as it relates to real estate, is strictly a proceeding *in rem* : 4 *Watts* 372 ; and bearing this in mind, there can usually be no difficulty in deciding who are entitled to notice. It is the owners of the land, the *thing* sought to be charged and taken, and this is the rule adopted, but not fully expressed in the act. It is as owners of the land that the heirs or devisees are entitled to notice. If they were not owners, they would not be entitled to it, but others would. The heir need not have notice, if he takes no land by descent. If he has enough to secure the claims, no notice needs to be given to the other terre tenants : *Saund. by Wms.* 7, 72, n. And if the ancestor parted with his title in fraud of creditors, his heirs cannot inherit; and on a remedy sought against it, they are not entitled to notice : 26 *State Rep.* 95.

It is not always easy to say when notice is essential to the validity of such proceedings; and when it is only an error of form, that is cured by not being corrected by due process of law in the case. In the present case, we regard the notice to the real owner as an essential part of the process of reaching the lands in his hands. A judgment obtained against the executors of a decedent, without notice to the alienee of a devisee, is not such a judgment as will justify a sale of the land under it. The law never listens to the objection that it may be difficult to learn who the terre tenants are ; else the rule of the common law, to which we have adverted, could have no existence.

Judgment affirmed.