## Pyles, Executrix, v. Bosler et al.

*Ames, Vale & Biddle,* for plaintiff.

*J. P. McKeehan* and *Bowman & Bowman,* for defendants.

REESE, P. J., October 31, 1934.—The plaintiff herein heretofore brought an action of assumpsit to recover the amount due the estate of her decedent from the estate of Frank C. Bosler, deceased. This action was brought under the provisions of the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 15 (a) and (b), against Hannah Elizabeth Bosler as executrix of Mr. Bosler's estate and against her in her individual capacity as devisee and owner of all the real estate formerly belonging to her decedent. Judgment against her in both capacities was finally entered in favor of the plaintiff and affirmed by the Supreme Court in Pyles, Executrix, v. Bosler, Executrix, et al., 313 Pa. 548.

In that action, the entire record of which is in the record of the present proceeding, it appears that Mr. Bosler died December 2, 1918. On November 10, 1919, the plaintiff duly filed a statement of her claim against his estate, naming his executrix and devisee as defendants, in the office of the prothonotary, and it was properly indexed against them on the judgment index. On October 22, 1923, plaintiff filed a revival of the entry of her claim against the same defendants in the same office, and it was duly indexed against them on the judgment index.

On March 1, 1927, Mr. Bosler's liability to plaintiff became due and payable: Pyles, Executrix, v. Bosler, Executrix, et al., supra, p. 553. Within a year thereafter, on July 21, 1927, an action was brought against the executrix and devisee pursuant to section 15 (b) of the Act of 1917, supra. On October 28, 1931, defendants appealed to the Supreme Court from one of the many interlocutory decisions of this court, and on July 18, 1932, the record was remitted from the Supreme Court to this court: Pyles v. Bosler et al., 308 Pa. 297. The case finally came to trial, and on September 27, 1932, a verdict was rendered for the plaintiff against the executrix and devisee. After a motion for judgment n. o. v. was disposed of, judgment was entered against the defendants on February 2, 1933. On February 18, 1933, the defendants appealed to the Supreme Court, which affirmed the judgment on January 30, 1934: Pyles, Executrix, v. Bosler, Executrix, et al., 313 Pa. 548. That court held that the lien of the debt of Mr. Bosler on the land of which he died seized was kept alive in the way prescribed by section 15 (a) and (b) of the Act of 1917, supra.

The present proceeding was instituted on June 10, 1933, by the filing by plaintiff of a præcipe for a sci. fa. to revive and continue the lien of the judgments against the executrix and devisee entered in the action hereinabove set forth et quare executionem non. The præcipe and the sci. fa. issued thereon named as defendants the executrix and devisee against whom judgments had been entered and also certain alienees to whom the devisee had sold certain of the lands which she had acquired from the decedent, to wit, Eugene L. Martin and wife, whose deed from the devisee was dated and recorded June 14, 1928, and Ralph Schecter and wife, whose deed from the devisee was dated August 17, 1931, and recorded August 28, 1931. Service of the writ was duly made upon or accepted by all the defendants, who filed affidavits of defense.

On the trial of the present proceeding, a verdict was directed against the executrix and also against the devisee and her alienees de terris. The defendants submitted several written points. One asking for binding instructions was refused and ruling on the others was reserved. The present motion for judgment n. o. v. followed.

The principal contention of the defendants is that the writ of sci. fa. was not issued within the time prescribed by section 15 (a) of the Fiduciaries Act. As stated above, the decedent's liability to the plaintiff became due and payable on March 1, 1927. Under section 15 (a), supra, it was necessary to bring an action against the executrix for the recovery of the debt within 1 year thereafter. This was done, and the devisee was joined as a defendant. Section 15 (a) then provides, inter alia: ". . . and then to be a lien only for the period of five years, unless the same be revived by writ of scire facias against the decedent, his heirs, executors or administrators, and the devisee, alienee, or owner of the land sought to be charged, in the manner now provided in the case of the revival of judgments."

In other words, the sci. fa. to revive the lien of the debt must be issued within 6 years from the time the cause of action accrued. Defendants con-

tend that since the 6-year period herein expired on March 1, 1933, a sci. fa. issued on June 10, 1933, was too late and judgment must be entered for all the defendants.

But certainly the judgment against the executrix could be revived against the executrix for the purpose of reaching possible personal estate of the decedent without following the requirement set forth above. For this reason, judgment n. o. v. cannot be entered in favor of the executrix.

The portion of section 15 (a), above quoted, requires the sci. fa. to issue against the devisee within 6 years after the accrual of the debt where the action to recover the debt was brought against the executor or administrator alone, but makes no such requirement where the devisee was joined as a defendant in that action. The purpose of bringing in the devisee at some stage of the proceeding is to give him the right to test the claim of the creditor on its merits, to show that it is not valid or has been partly or fully paid: Walthaur's Heirs v. Gossar et ux., 32 Pa. 259. If the devisee, as here, is joined with the executor as a defendant, and judgment is entered against executor and devisee, the land acquired by the devisee is finally charged with the debt by a judgment de terris: Moore v. Skelton, 14 Pa. 359; Commonwealth v. Cochran et al., 146 Pa. 223. As to proceedings subsequent to a judgment de terris against a devisee sued with the executor, the Fiduciaries Act is silent, and properly so, for such a judgment should then be treated as any other judgment. If the devisee is sued with the executor and judgment de terris entered against the devisee, there is no necessity thereafter to bring in the devisee again by a sci. fa. issued within the 6-year period. That is necessary only when the devisee has not had his day in court and the creditor is still trying to charge the land with the debt. It follows, therefore, in the instant case that, since judgment de terris was entered against the devisee herein on February 2, 1933, it was not necessary to follow the requirement of section 15 (a) by issuing a sci. fa. against the devisee before March 1, 1933, when the 6-year period expired. So far as the devisee and lands then owned by her were concerned, the judgment de terris could be revived at any time within 5 years after the entry of the judgment. Hence it follows that the devisee is not entitled to judgment n. o. v.

We find nothing in the many cases cited by defendants' counsel contrary to the foregoing views. In the case most strongly relied upon, Kirk v. Van Horn et al., 265 Pa. 549, the facts are distinguishable from the present case. In that case, the action to recover the debt was brought within the proper time but against the administratrix alone, and the widow and heirs were not made parties within the statutory period of 7 years (now 6 years). In the same manner, all the other cases cited by counsel may be distinguished, for in all the original action was against the personal representative alone, and where that is true, of course the widow, heirs, and devisees must be made parties within 5 years after the period during which action against the personal representative must be brought. No case has been cited, and we have found none, which holds that where action to recover the debt is brought in time against the personal representative and the devisee, etc., and duly prosecuted to judgment, then to further preserve the lien a sci. fa. must be issued against the devisee within 5 years after the period in which suit must be brought.

One other question pertinent to defendants' principal contention remains. Were the alienees of the devisee herein made parties or brought in too late? It must be carefully noted that, when the action was brought against the executrix and devisee in 1927, the lien of the debt had been properly kept alive and bound all the land in Cumberland County of which the decedent debtor died seized; further, that when the plaintiff started her action she brought it not

only against the executrix but also against the devisee, who was then the owner of all the land sought to be charged. When thereafter the alienees purchased part of that land, they did so with constructive and, as the record shows, with actual notice that the land was subject to the lien of the debt and that an action was pending against their grantor to charge the land with a judgment de terris. They therefore took subject to the rights and liabilities of their grantor and to the ultimate judgment de terris which was entered, and can stand in no better position as to the land than their grantor. It would seem, therefore, that the plaintiff has done all that was necessary in issuing against them a writ of sci. fa. before the expiration of 5 years after the recording of their deeds, as required by the Act of April 16, 1849, P. L. 663, and to warn them before proceeding to execution against the land as required by section 15(e) of the Fiduciaries Act.

If the alienees had purchased and taken possession of part of the land before suit was brought against the executrix and devisee, then, of course, the action did not name as parties all the persons then owning the land, and if the alienees were not made parties to the suit or were not brought in by sci. fa. within the statutory period their land could not be taken upon execution for the decedent's debt: Soles v. Hickman, 29 Pa. 342. But, as pointed out, the alienees in the instant case purchased part of the land after action had been brought against the devisee, their grantor. If the action had been brought against the executrix alone, then it is true that both the devisee and her alienees would have to be brought in by sci. fa. within the statutory period. We are convinced that if a creditor proceeds against the land, either in the original action against the personal representative or later by sci. fa., he has done all that is required by the Fiduciaries Act, if in either event he makes parties all the persons who are then owners of the land of which the decedent debtor died seized.

But it may be argued that, even though the alienees purchased part of the land after action had been brought against the devisee, their grantor, they could be made parties to the action as soon as they purchased. Such a requirement would make it possible for a devisee, aided by an adroit practitioner who was willing to take advantage of every possible technicality and dilatory motion or rule, to delay final judgment until near the expiration of the 6-year period and, by a series of conveyances from one alienee to another, finally have the land owned by an alienee against whom no proceedings could be taken within the 6-year period.

It is also argued that the alienees here cannot be brought in because they purchased their land before judgment de terris was recovered against their grantor. It is true that in an ordinary case a person who buys land before a judgment is entered against his grantor is not a terre-tenant against whom the judgment can be revived by sci. fa.: South Central B. & L. Assn. v. Milani et ux., 300 Pa. 250. But the alienees here are not in the position of such a person, who when he buys the land finds no lien upon it. The alienees bought subject to the lien of the debt and subject to a pending action against their grantor in which the lien could and did ripen into a judgment de terris.

What we have said disposes of most of the points presented by the defendants. The incorrectness of the first three points will appear at a glance. Other points attack the form of the writ. But the præcipe and writ refer to the judgments against executrix and devisee and ask their continuance and revival and names as parties the executrix, devisee, and alienees. The writ was served upon the alienees, and service was accepted by the executrix and devisee. All the defendants filed affidavits of defense. Hence, they are all in court.

Another point objects that the writ issued while the record of the action in which the judgments were recovered was before the Supreme Court on certiorari and that this "leaves nothing there [in the lower court] to be prosecuted or enforced by execution." The present proceeding seeks to do nothing to this judgment or any part of the former record. It merely seeks to continue the lien so that, when the record should have been returned, as it was before the trial herein, the plaintiff might be in a position to enforce its claim by execution.

Another point objects to the date of the judgment. But the judgment was entered on February 2, 1933, and was so found by the Supreme Court in Pyles, Executrix, v. Bosler, Executrix, et al., 313 Pa. 548. We find nothing in any of the points submitted which can prevent entry of judgment on the verdict.

The defendants also contend that the sci. fa. should have been indexed against the decedent. This is required when a statement of the claim is filed and when the action is instituted to recover the debt. But when judgment has been recovered, especially one against the devisee, we find nothing in the Fiduciaries Act which requires indexing against the decedent of the sci. fa. to revive: Brennan's Estate, 277 Pa. 509, strongly relied upon by defendants, refers only to loss of lien by failure properly to index the original action brought against the executrix to recover the debt.

And now, October 31, 1934, the points submitted by defendants are refused; the motion for judgment n. o. v. is overruled and dismissed; judgment is hereby entered on the verdict in favor of the plaintiff against Hannah Elizabeth Bosler, executrix of Frank C. Bosler, deceased, in the sum of $21,697.03, with interest from September 24, 1934; judgment de terris is hereby entered in favor of the plaintiff against Hannah Elizabeth Bosler, devisee, Eugene L. Martin and Ruth Givler Martin, his wife, Ralph Schecter, and Rheasa Madden Schecter, his wife, alienees, in the sum of $21,228.58, with interest from September 24, 1934.                From Francis B. Sellers, Carlisle, Pa.