## Windber Trust Company *v.* Wick, Admx., Appellant.

Argued April 15, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Walter E. Glass,* with him *Harry Doerr,* for appellant.

*Charles S. Evans,* with him *John A. Hartman,* for appellee.

OPINION BY KELLER, P. J., July 18, 1935:

Louis Wick, a resident of Cambria County, died, on February 19, 1926, intestate and without issue. Letters of administration on his estate were issued to his widow, Dora Wick.

On February 3, 1927, Windber Trust Company brought an action in assumpsit against the administratrix on a note of the decedent for $800, dated January 28, 1926, payable four months after date, to the order of Windber Lumber Company, which, it was averred, had been transferred to and become the property of the plaintiff. Pursuant to præcipe this action was indexed, on February 3, 1927, in the judgment index of Cambria County, against the decedent and his administratrix, as provided by section 15 (a) of the Act of June 7, 1917, P. L. 447, p. 476.

An affidavit of defense was filed, which raised no question as to the indebtedness of the decedent to the plaintiff, and the plaintiff's reply was filed to the affidavit of defense.

The case came on for trial before the court and a jury on August 17, 1933. No defense was presented to

the note and a directed verdict was rendered in favor of the plaintiff for $412, the balance due after crediting certain payments made by the administratrix.

The defendant administratrix appealed.

The issue is a very narrow one. We shall not discuss the contentions of the appellant and the opposing arguments of the appellee; for they are all premature, and are outside the question now at issue.

This is an action in assumpsit—a personal action. The fact that the law authorized it to be indexed in the judgment index against the decedent and the administratrix, and thereby continued for five years from the date of bringing suit the statutory lien, which as a debt of the decedent it possessed against decedent's lands,— provided the action was prosecuted to judgment within that period, (Act of June 7, 1917, P. L. 447, sec. 15 (a), p. 476), did not affect the personal character of the action. Even if the lien is lost on the decedent's real estate, the plaintiff is entitled to judgment for the amount due it. Whether it can ever collect it is beside the point.

This is not a scire facias against the widow, in her individual capacity, as owner of the land,—for it appears that the land was set apart to her under her $5,000 allowance, as the spouse of an intestate dying without issue (Act of June 7, 1917, P. L. 429, sec. 2, p. 431). No scire facias against her has ever been issued. Such a scire facias is a proceeding in rem, (Speer v. Sample, 4 Watts 367, 372; Soles v. Hickman, 29 Pa. 342, 346), and the lien of the debt on decedent's land which was continued by bringing suit within a year after his death, is lost (1) if the action be not prosecuted to judgment within five years after bringing suit; and (2) if a writ of scire facias bringing in the widow and heirs or owner of the land be not sued out within five years after the expiration of one year following decedent's death. Kirk v. Van Horn, 265

Pa. 549, 557, 109 A. 522. But the action in assumpsit is not the place to raise such questions. Whether the judgment obtained in this action is a lien on decedent's lands is a matter to be decided when the plaintiff proceeds by a scire facias, a proceeding in rem, to bring in the widow, as owner of the land, in an attempt to collect the judgment from the land.

In affirming the judgment this is all that we decide—all that we can decide,—viz., that the plaintiff has a just claim against the decedent's estate for $412, for which it is entitled to judgment. Any other matters which were attempted to be brought into the case, concerning whether this judgment is a lien on decedent's lands, now in the ownership of his widow, are prematurely and improperly injected into it. They will arise when, and only when, the plaintiff attempts to enforce its judgment against the lands of the decedent by scire facias proceedings bringing in the widow as owner of the land.

The action in assumpsit is not changed into a scire facias to charge the land, in the hands of the heirs or the owner, with the debts of the decedent, because the defendant prematurely and erroneously attempts to bring into the suit in assumpsit matters properly to be considered by way of defense in such scire facias, if and when brought. Nor is it affected by the fact that the widow happens to be the administratrix of the decedent. In this action in assumpsit she is sued as the personal representative of the decedent. In the scire facias, if one is issued, the proceeding will be in rem; and she will be summoned in her individual capacity as owner of the land, which will not be bound by the judgment in the present action unless it is shown that the provisions of section 15 (a) of the Act of 1917, supra, have been strictly followed.

The judgment is affirmed.