## Leathers v. Crouser, Executor, et al.

*Carpenter & Carpenter*, for plaintiff.
*Cummings & Gubin*, for defendants.

TROUTMAN, J., August 13, 1948.—Plaintiff, Alma R. Leathers, instituted a suit in assumpsit on February 9, 1948, by filing a complaint against Harry Crouser, executor of the last will and testament of Susan Crouser, deceased, with notice to Harold V. Eldridge, Jr., as defendants. Sometime thereafter, by stipulation filed, and by leave of court, the caption of the case was amended by adding as party defendant Harry Crouser as sole devisee and legatee under the will of Susan Crouser, deceased. The fifteenth paragraph of the complaint avers that it is intended that the complaint shall operate to continue the lien of plaintiff's claim as provided under the Fiduciaries Act of June 7, 1917, P. L. 447, and that the prothonotary will be requested and directed to file the same as a claim to operate as a lien against the real estate of decedent.

Defendant Harold V. Eldridge, Jr., filed preliminary objections to plaintiff's complaint which are as follows:

1. Said complaint does not allege any contractual relation between plaintiff and defendant Harold V. Eldridge, Jr.

2. Said complaint fails to allege any cause of action against defendant Harold V. Eldridge, Jr.

3. The cause of action set forth in said complaint against Harold V. Eldridge, Jr., is not enforcible in law.

From the pleadings it appears that Susan Crouser died May 4, 1947, testate, and in and by her last will and testament, since duly probated, she devised and bequeathed all of her estate, real and personal, after the payment of debts, to her brother, Harry Crouser. She appointed Harry Crouser as her sole executor and he continues to act in said representative capacity.

The claim upon which plaintiff seeks recovery is one for reimbursement for sums paid for nurses, doctors, repairs to decedent's property and for other services rendered in the lifetime of decedent. In the ninth paragraph of the complaint it is averred that the executor sold property to Harold V. Eldridge, Jr., "terre tenant herein named", on June 21, 1947.

This action is brought under the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 15 (a), which provides:

"No debts of a decedent, including the cost of settlement of the estate and the funeral expenses of the decedent, except as provided in clauses (b), (g), and (h) hereof, shall remain a lien on the real estate of such decedent longer than one year after the decease of such debtor, unless within said period an action for the recovery thereof be brought against the executor or administrator of such decedent; and such action shall be indexed, within said period, against the decedent and such executor or administrator, in the judgment index in the county in which such action is brought. . . .

"The plaintiff may, at his election, join such surviving spouse and heirs, and the devisee, alienee, or owner of the land, in such original action; in which event such action shall be indexed, as aforesaid, against all defendants so joined."

The complaint contains no averments of any contractual relationship between plaintiff and defendant, Harold V. Eldridge, Jr., nor does it attempt to allege any cause of action against or to attach any liability upon defendant Harold V. Eldridge, Jr., individually.

The only part of the complaint which includes defendant Harold V. Eldridge, Jr., individually, is the introductory paragraph. In the ninth paragraph of the complaint Harold V. Eldridge, Jr., is referred to as a terre-tenant and in the fourteenth paragraph of the complaint plaintiff requests that a lien be entered upon the premises of decedent with notice to Harold V. Eldridge, Jr., as terre tenant.

The caption of the case in respect to defendant Harold V. Eldridge, Jr., sets forth "with notice to Harold V. Eldridge, Jr." and does not purport to make him personally liable for the claim alleged in the complaint. Clearly, Harold V. Eldridge, Jr., is brought into this proceeding for the purpose of bringing him on the record as a present owner of the land so that the pending action might be indexed against him as such.

The purpose of the proceeding under the Fiduciaries Act of June 7, 1917, P. L. 447, is to continue the lien upon the real estate of decedent longer than one year after the decease of the debtor. Plaintiff may, at his election, join the surviving spouse and heirs, and the devisee, alienee or owner of the land in the original action, as plaintiff in this case has done.

At the argument of this case, counsel for plaintiff stated that plaintiff did not intend to hold defendant, Harold V. Eldridge, Jr., liable personally but he was made a party to the action in order that the action might be indexed against him as a terre tenant. Section 15 of the Fiduciaries Act, supra, contains no authority to join or to hold defendants liable in their individual capacities. The aforesaid act of assembly authorizes a proceeding in rem, and such proceeding does not create any individual or personal liability upon Harold V. Eldridge, Jr., one of the defendants. Any recovery upon any judgment obtained in this action would be restricted to recovery from the real and personal estate of decedent: Kirk v. Van Horn et al.,

265 Pa. 549, 555; Windber Trust Co. v. Wick, Admx., 118 Pa. Superior Ct. 578.

This court, at the present time, does not have before it the question as to whether plaintiff complied with the provisions of the act of assembly in respect to having the claim indexed against decedent, her executor and any other defendants in the said action, in the judgment index. Section 15 (a) provides that not only shall an action be brought against the executor or administrator of a decedent within a period of one year in order to preserve a lien on decedent's real estate, but it also provides that such action shall be indexed, within said period, against decedent and the executor or administrator, in the judgment index in the county in which such action is brought. Section 15 (d) of the Fiduciaries Act, supra, 20 PS §524, provides that it shall be the duty of the prothonotary, when an action is brought or statement filed in his office, upon præcipe of plaintiff or his attorney, to index the same against decedent, his executor or administrator, and any other defendants therein, in the judgment index, as other liens are indexed. Under the Act of June 7, 1917, P. L. 447, indexing is as essential to the preservation of a creditor's right against a decedent's real estate as is the commencement of the action and a failure to index the action leaves the real estate free from the claim of his judgment: Negley v. Reiser, 324 Pa. 190, 192; Central-Penn National Bank v. Culp, 320 Pa. 358, 362.

The preliminary objections now before the court are directed solely to plaintiff's complaint and do not raise any question as to the procedure which plaintiff may have or may not have followed in respect to the filing of a præcipe for the indexing of his action as provided under the Act of June 7, 1917, supra. In the fifteenth paragraph of the complaint it is averred, inter alia, that the prothonotary will be requested and directed to file the same as a claim to operate as a lien against the real estate of decedent. Whether or not

this has been done, has not been raised in the matter presently before this court.

As has been previously stated, there is no authority contained in the Fiduciaries Act to join or hold defendant liable as an individual. A careful reading of the complaint satisfies the court that plaintiff had no intention to attach personal liability upon defendant, Harold V. Eldridge, Jr., but he was named in accordance with the provisions of the Fiduciaries Act as a terre-tenant or as one who became the owner of the land of decedent within a period of one year from the date of her death. The only purpose in joining Harold V. Eldridge, Jr., as a defendant was in order to continue the lien against decedent's real estate which had been sold to Harold V. Eldridge, Jr., before the expiration of one year from the date of decedent's death.

All of the preliminary objections filed by defendant, Harold V. Eldridge, Jr., contain facts which are true. However, they are not well taken and are without merit for, due to the nature of the proceeding under the Fiduciaries Act, plaintiff would have no right to try to attach personal liability on defendant. The fourteenth paragraph of the complaint clearly states the purpose of joining Harold V. Eldridge, Jr., as one of the defendants, in that it is averred that a lien is requested to be entered upon the premises of decedent in the amount of the claim, with notice to Harold V. Eldridge, Jr., terre-tenant.

For the reasons aforesaid the preliminary objections must be dismissed.

### Order

And now, to wit, August 13, 1948, the preliminary objections to plaintiff's complaint filed by Harold V. Eldridge, Jr., one of the defendants, is hereby dismissed with leave granted to the said Harold V. Eldridge, Jr., to file an answer to said plaintiff's complaint within a period of 20 days from the date hereof.