## Stranko v. Stranko

*Harold L. Roth*, for petitioner.

*Rowley & Smith*, for respondent.

McCreary, P. J., July 12, 1949.—We have before us for consideration a rule issued at the instance of

Beaver Trust Company, guardian of the estate of Joseph Stranko, Jr., also known as Joseph Steranko, Jr., a minor, the guardian having been appointed by the Orphans' Court of Beaver County, September term, 1941, no. 39. The rule issued March 7, 1949, and directs plaintiff, Andrew Stranko, to show cause why a judgment entered at the above stated term and number should not be stricken from the record, and further to show cause why the judgment should not be opened and petitioner, Beaver Trust Company guardian, be allowed to enter into a defense. An answer was filed denying the right of Beaver Trust Company as guardian of Joseph Stranko, Jr., to relief, the Beaver Trust Company not being a party to the record and no petition for leave to intervene having been filed and allowed by the court. It appears from the pleadings that Annie Steranko, otherwise known as Anna Stranko, died on May 29, 1946, intestate. She was the mother of Joseph Stranko, Jr., the ward of Beaver Trust Company, and also the mother of Andrew Stranko, plaintiff. It appears that Andrew Stranko, her son, advanced funds for and on behalf of the estate of Anna Stranko, which funds were used for the payment of funeral expenses, and Valley Hospital, Sewickley, Pa., for medical service. It further appears that cash in the amount of $3,950 of deceased was divided without administration between the four children of decedent, namely, Anna Stranko, a daughter, Andrew Stranko, plaintiff, a son; Joseph Stranko, a son, and Michael Stranko, a son. The $3,950 was divided by the four children of decedent, each getting $987.50. When the four children refused to reimburse Andrew Stranko for their share of the expenses which he paid on account of the last illness and burial of the deceased, and refused to contribute their equal share of the expense out of the money which had been divided between the

four of them by way of a family settlement without administration, Andrew Stranko, who had incurred the expense, took out letters of administration on May 23, 1947, and on the same day issued a præcipe for summons in assumpsit in which he was plaintiff, and he, as administrator of the estate of Anna Stranko, deceased, was defendant. On January 24, 1949, he filed a complaint in assumpsit against himself as administrator of the estate to recover the amount of $485, and then, in his capacity as administrator of the estate, filed an answer admitting the claim which he, as an individual, made against himself as administrator of the estate, and caused judgment to be entered in the Court of Common Pleas of Beaver County.

Thereupon, on March 7, 1949, without presenting a petition to the court for leave to intervene, the Beaver Trust Company, guardian of the estate of Joseph Stranko, Jr., filed the petition to strike off the judgment, and if the court be of the opinion that the judgment could not be stricken from the record, then to have the court make an order opening the judgment so that Beaver Trust Company may be let into a defense.

Obviously, Beaver Trust Company has no standing to have the rule issued, and certainly has no standing to have the rule made absolute, in view of the fact that it, as guardian of Joseph Stranko, Jr., is not a party to the record. This is not a scire facias against the heirs, but is an action of assumpsit, a personal action, and as such petitioner is not a proper party to question this judgment: Windber Trust Company v. Wick, 118 Pa. Superior Ct. 578. Therefore the rule must be discharged.

Were it not for the fact that the Beaver Trust Company as guardian of the estate of Joseph Stranko, Jr., has no standing to test the validity of the judgment, in the present state of the record, we would be inclined

to adopt the reasoning of Judge Carr in the case of Provins v. Provins et al., 59 D. & C. 532, wherein he held that an administrator of an estate of a decedent is not liable to suit by the individual who is the administrator. In other words, an individual cannot sue himself in a representative capacity and recover a judgment in the court of common pleas. It is true that an individual can enter a suit against himself in a representative capacity, and thereby preserve his lien against the real estate of decedent, if he proceeds according to the Fiduciaries Act within one year of the date of the death of decedent. Judge Carr, in rendering the opinion of the court, said in part as follows:

"It seems clear that if plaintiff wishes to prosecute an action at law in the court of common pleas on a claim of her own against the estate of her decedent she must resign her office. She cannot litigate with herself, and without adversaries a commonlaw court cannot have jurisdiction to render judgment. Her mere naming of herself in different capacities on the one side and on the other cannot disguise the fact that she is in both the same natural person with but a single will. Even though she is not the sole representative, she is still a necessary joint party-defendant in any action against the estate, and shares the common obligation to act in the interest of the estate exclusively: *Shenck's Administration Account*, 5 Watts 84; *Harris' Estate*, 19 Phila. 322; *Perkins v. Se Ipsam*, 11 R. I. 270; *Snyder v. Snyder et al.*, 96 N. Y. 88; *Pearson v. Nesbit*, 12 N. C. 315, 17 Am. Dec. 569."

We believe this to be the law of the case we are now considering, and no doubt, when execution is issued on the judgment and all of the heirs of decedent are made parties to the record by scire facias, as required by the act of assembly, they may be in a position to raise the question as to the validity of the judgment.

This case is a good example of the futility of attempting to settle an estate in any manner other than in accordance with the manner provided by the acts of assembly relating to orphans' court practice. Andrew Stranko is not without remedy. Being the administrator of the estate of Anna Stranko he may require each of the parties who shared in the family settlement to pay into his hands as administrator the sums of money which were awarded to each of the children of decedent through the family settlement. When he collects these assets, he should have them inventoried and appraised and he should then file his account in court showing the distribution of the funds to the creditors insofar as the money goes. He then files a proposed schedule of distribution and the matter comes before the court for audit. If he has not paid himself in his administrator's account by way of reimbursement for the funeral expenses and the expenses of the last illness of decedent, he may prove his claim before the orphans' court at the audit, and, if it is legitimate, it will no doubt be allowed. Any other device or short-cut attempted by him, for the purpose of collecting what appears to be a just debt, will only lead him into further trouble.

For the reasons stated we make the following

## Order

Now, July 12, 1949, the matter of the petition of Beaver Trust Company, guardian of the estate of Joseph Stranko, Jr., also known as Joseph Steranko, Jr., a minor, for a rule to show cause; (1) Why the judgment should not be stricken from the record, and (2) why the judgment should not be opened so that Beaver Trust Company, guardian, may be let into a defense, is discharged without prejudice to the rights of plaintiff to recover any sums that may be due to him by proper proceedings to be taken by him in the future.